IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE CLARK WILLIAMS, JR.,

    Plaintiff,                             No. 2:12-cv-1005 EFB P

    vs.

BAL, et al.,                             ORDER AND
                                             FINDINGS AND RECOMMENDATIONS
    Defendants.

_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Before the court is plaintiff's complaint.[1] Dckt. No. 1. Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

---

[1] The docket reflects that prison officials metered plaintiff's complaint for mailing in July 2010, but did not mail it to the court until April 2012. *See* Dckt. No. 1.

1

1  The court has reviewed plaintiff's complaint pursuant to § 1915A.  Because plaintiff did
2  not exhaust available administrative remedies prior to commencing this action, the court finds
3  that this action must be dismissed.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003)
4  (stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an
5  action).

6  The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide
7  that "[n]o action shall be brought with respect to prison conditions under section 1983 of this
8  title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
9  facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).
10 This requirement is mandatory and unequivocal.  *Booth v. Churner*, 532 U.S. 731, 741 (2001);
11 *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute
12 making exhaustion a precondition to judgment, but it did not.  The actual statue makes
13 exhaustion a precondition to *suit*.").  A prisoner seeking leave to proceed in forma pauperis in an
14 action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C.
15 § 1997e when he submits his complaint to the court.  *Vaden v. Summerhill*, 449 F.3d 1047, 1050
16 (9th Cir. 2006).  Therefore, a prisoner must exhaust available administrative remedies before
17 filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to
18 exhaust.  *Id.* at 1051; *McKinney*, 311 F.3d 1198.  *See also Rhodes v. Robinson*, 621 F.3d 1002, at
19 *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new
20 claims raised in a supplemental complaint regarding conduct that occurred after the initial
21 complaint was filed).

22 California prisoners may appeal "any policy, decision, action, condition, or omission"
23 that the inmate can demonstrate "as having an adverse effect upon his or her welfare."  Cal. Code
24 Regs. tit. 15, § 3084.1(a).  The grievance process, as defined by California regulations, has three
25 levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code
26 Regs. tit. 15, § 3084.7.  Administrative remedies generally are exhausted once a plaintiff has

received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.1(b).

Here, plaintiff checked the boxes on her form complaint indicating that the administrative exhaustion process is available to her, but that she did not complete the process.[2] Dckt. No. 1 (Complaint) § II. Plaintiff admits that she did not wait for the appeals process to be completed before filing suit, because she "is in imminent danger of serious irreparable injury and death" *Id.* Plaintiff appears to believe that exhaustion of administrative remedies is not required if she claims to be threatened with irreparable or imminent harm. As discussed above, however, exhaustion is mandatory. Plaintiff cites to no authority supporting her proposed "imminent danger" exception to the mandatory exhaustion requirement. Moreover, the "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts [her] administrative remedies while [her] case is pending." *Rhodes*, 621 F.3d at 1004 (citing *McKinney*, 311 F.3d at 1199). Given plaintiff's concession that she did not exhaust available administrative remedies, this action should be dismissed. *See Wyatt*, 315 F.3d at 1120.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this case.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

---

[2] Plaintiff is a transsexual and prefers to be referred to as "she." *See* Dckt. No. 7 at 2, n.1.

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: June 6, 2012.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE