IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE CLARK WILLIAMS, JR.,

      Plaintiff,                        No. 2:12-cv-1005 LKK EFB P

    vs.

BAL, et al.,

      Defendants.             ORDER AND
FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      For the reasons explained below, the court finds that plaintiff has not demonstrated she is eligible to proceed *in forma pauperis*. A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). On at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim

////

1

upon which relief may be granted.[1] *See* (1) *Williams v. Andrews*, 1:01-cv-6222 REC HGB P (E.D. Cal. Feb. 22, 2002) (order dismissing action for failure to state a claim); (2) *Williams v. Wood*, 1:01-cv-6151 REC LJO P (E.D. Cal. Feb. 28, 2002) (order dismissing action with prejudice for failure to state a claim); and (3) *Williams v. Rendon*, 1:01-cv-5891 AWI SMS P (E.D. Cal. Mar. 18, 2002) (order dismissing action for failure to state a claim). *See also Williams v. Gonzales*, 1:03-cv-6770 REC WMW P (E.D. Cal. Sept. 10, 2004) (order designating plaintiff as a three strikes litigant under 28 U.S.C. § 1915(g)).

According to the complaints filed in this action (both dated July 5, 2010[2]), plaintiff was in imminent danger of injury or death because she was denied her HIV medication and prison officials were poisoning her food. *See* Dckt. Nos. 1, 3. This court has previously determined that plaintiff's allegations about being denied her HIV medication and being poisoned were not plausible. *See Williams v. Willie*, CIV S-11-1532 MCE DAD (E.D. Cal. Mar. 16, 2012) (finding implausible plaintiff's allegations of being poisoned, noting that she had been making such claims since 2006, and determining that the imminent danger exception of § 1915(g) did not apply), *adopted* (E.D. Cal. Apr. 23, 2012); *Williams v. Gomez*, 2:11-cv-0426 GEB EFB (E.D. Cal. Dec. 21, 2011) (finding implausible plaintiff's allegations of being poisoned and denied HIV medication, and recommending that plaintiff's in forma pauperis status be revoked), *adopted* (E.D. Cal. Feb. 6, 2012). Here, § 1915(g)'s imminent danger exception does not apply because plaintiff's allegations are not plausible. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing.); *id.* at 1057 n.11 ("[A]ssertions of imminent danger of less obviously injurious

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] The docket reflects that prison officials metered plaintiff's complaint for mailing in July 2010, but did not mail it to the court until April 2012. *See* Dckt. Nos. 1, 3.

2

practices may be rejected as overly speculative or fanciful[ ] when they are supported by implausible or untrue allegations that the ongoing practice has produced past harm").

On June 7, 2012, the undersigned recommended that this action be dismissed for plaintiff's failure to exhaust administrative remedies. Dckt. No. 9. In light of the recommendation herein, the undersigned will vacate those findings and recommendations.

Accordingly, it is hereby ORDERED that the June 7, 2012 findings and recommendations are vacated.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis* (Dckt. No. 2) be denied; and

2. This action be dismissed without prejudice to re-filing upon pre-payment of the $350 filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 1, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE